HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., a Pennsylvania insurance company,<br><br>Plaintiff,<br><br>v.<br><br>SEATTLE SCHOOL DISTRICT NO. 1, a Washington municipal corporation,<br><br>Defendant. | NO. 2:16-cv-01534<br><br>JUDGMENT |

Pursuant to the Court's order of May 18, 2018, Minute Entry entered on May 21, 2018, docket no. 48, and the parties' stipulation of dismissal of counterclaims with prejudice, docket no. 51, the Court has resolved all issues in the above-captioned case and enters final judgment in the case.

Accordingly, based on this Court's prior rulings, it is ORDERED AND ADJUDGED that:

1. The Sexual Abuse Exclusion Endorsement in the National Union Fire Insurance Company of Pittsburgh, PA's ("National Union") 1992-1993 Excess Policy precludes coverage for all claims by K.S. against Seattle School District No. 1 ("SSD") in K.S.'s underlying lawsuit filed in King County Superior Court at Case No. 17-2-19350-0 SEA ("Underlying Lawsuit").

2. The Sexual Abuse Exclusion Endorsement in National Union's 1993-1994 Excess Policy, 1994-1995 Excess Policy, and 1995-1996 Excess Policy contain a scrivener's error in that the word "insured" at the end of the exclusion was mistyped as "insurer".

JUDGMENT - 1
Case No. 2:16-cv-01534

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

3. The Sexual Abuse Exclusion Endorsement in National Union's 1993-1994 Excess Policy, 1994-1995 Excess Policy, and 1995-1996 Excess Policy is reformed from "insurer" to "insured" at the end of the exclusion. Therefore, the Sexual Abuse Exclusion endorsements in these Excess Policies preclude coverage to SSD for K.S.'s claims in the Underlying Lawsuit.

4. There is no coverage for any of K.S.'s claims against SSD in the Underlying Lawsuit under National Union's 1996-2000 Excess Policies. The Sexual Molestation Endorsements in these Excess Policies state that the bodily injury or personal injury "shall be deemed to have occurred at the time the person was first molested", and the Underlying Lawsuit alleges that the perpetrator molested K.S. between approximately 1993 and 1995.

5. National Union has no duty to defend SSD under the 1992-1993 Excess Policy, 1993-1994 Excess Policy, and the 1994-1995 Excess Policy, since these Excess Policies contain only a right and opportunity to associate in the defense, and not a duty to defend.

6. National Union has no duty to defend SSD under the 1995-1996 Excess Policy, 1996-1997 Excess Policy, 1997-1998 Excess Policy, 1998-1999 Excess Policy, and 1999-2000 Excess Policy because K.S.'s claims against SSD are not covered pursuant to the terms and conditions of these Excess Policies. Specifically, the Sexual Molestation Endorsements in these Excess Policies state that abuse relates back to when the abuse first happened, *i.e.*, between approximately 1993 and 1995, a time in which there is no coverage for any of K.S.'s claims against SSD under the operative National Union Excess Policies.

7. SSD's breach of contract counterclaim was dismissed on May 18, 2018, docket no. 48.

8. SSD's extra-contractual counterclaims for violation of the Washington Unfair Claims Settlement Practices Act (WAC 284-30, *et seq.*), violation of the Consumer Protection Act

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

(RCW 19.86, *et seq.*), and violation of the Insurance Fair Conduct Act (RCW 48.30.015) were dismissed on June 29, 2018, docket no. 53.

9. SSD's bad faith counterclaim was dismissed on June 29, 2018, docket no. 53.

10. As SSD is not entitled to coverage under any of the National Union Excess Policies for K.S.'s claims against SSD in the Underlying Lawsuit, SSD is not entitled to recover any costs incurred in the above-captioned matter including, but not limited to, attorney's fees. In addition, SSD is not entitled to recover compensatory money damages from National Union, including, but not limited to treble damages, and consequential damages.

11. National Union is not seeking any recovery of fees or costs from SSD.

12. Judgment in this matter is entered in favor of National Union and against SSD; and

13. This Judgment shall have final, binding, and preclusive effect as to the parties in this matter.

DATED this 3rd day of July, 2018.

_____
Thomas S. Zilly
United States District Judge

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822